## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOEL ADDISON STONE,**                                    CIVIL ACTION
    **Plaintiff**

**VERSUS**                                                          NO.  20-1211

**LG CHEM AMERICA, INC., ET AL.**                 SECTION: "E"
    **Defendants**

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Federal of Rule of Civil procedure 12(b)(2) filed by Defendant LG Chem America, Inc. (LGCAI).[1] For the following reasons the motion is **DENIED WITHOUT PREJUDICE.**

## BACKGROUND

This is a product liability action in which Plaintiff Stone seeks recovery for personal injuries he allegedly suffered from the explosion of an LG 18650 battery.[2] According to Stone's complaint, LGCAI supplies, markets, sells, and distributes these batteries.[3] LGCAI seeks to dismiss this complaint based on the Court's lack of personal jurisdiction over it.[4]

## LEGAL STANDARD

When a non-resident defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving that personal jurisdiction exists.[5] If the district court rules on the motion without an evidentiary hearing, the plaintiff need only

---

[1] R. Doc. 14. Plaintiff Joel Addison Stone filed an opposition to LGCAI's motion. R. Doc. 17. LGCAI filed a reply. R. Doc. 23.
[2] R. Doc. 17-5 ¶ 1.
[3] *Id.*
[4] R. Doc. 14.
[5] *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).

make a *prima facie* showing of personal jurisdiction.[6] In determining whether the plaintiff has made a *prima facie* showing of personal jurisdiction, the district court must take the allegations of the complaint as true, except as controverted by opposing affidavits, and all conflicts in the facts must be resolved in favor of the plaintiff.[7] Thus, the district court may consider matters outside the complaint, including affidavits, when determining whether personal jurisdiction exists.[8] A finding that the plaintiff has made a *prima facie* showing of jurisdictional facts does not, however, end the inquiry. ultimately, "the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at a trial."[9]

To exercise personal jurisdiction over a non-resident defendant, two requirements must be satisfied. "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment."[10] Because Louisiana's long-arm statute confers personal jurisdiction to the limits of constitutional due process, these two inquiries become one and the same.[11]

The Due Process Clause of the Fourteenth Amendment "operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."[12] For a court's exercise of personal jurisdiction over a non-resident defendant to be constitutional under the Due Process Clause, (1) "that defendant [must have] purposefully availed himself of

---

[6] *See id.*
[7] *Id.*; *see also Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).
[8] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).
[9] *Traveler's Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986) (internal quotation marks and citation omitted).
[10] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (citation omitted).
[11] *Luv N' Care*, 438 F.3d at 469; La. R.S. 13:3201(B).
[12] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984).

the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant [must] not offend 'traditional notions of fair play and substantial justice.'"[13]

The "minimum contacts" test takes two forms, depending on the type of jurisdiction the court seeks to exercise over the defendant: general jurisdiction or specific jurisdiction. Stone does not argue the Court may exercise general jurisdiction over LGCAI.[14] Accordingly, only specific jurisdiction is at issue in this case.

A court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum."[15] Specific jurisdiction exists, for example, when a non-resident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'"[16] Specific jurisdiction also exists where a non-resident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[17] "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."[18] The Fifth Circuit has enunciated a three-factor analysis to guide courts in assessing the presence of specific personal jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-

---

[13] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citation omitted).

[14] R. Doc. 17, at 6.

[15] *Luv N' Care*, 438 F.3d at 469.

[16] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (quoting *Alphine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)).

[17] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

[18] *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[19]

To make a *prima facie* showing of specific personal jurisdiction, a plaintiff need only satisfy the first two factors.[20] "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented."[21] Establishing a *prima facie* case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state."[22]

## LAW AND ANALYSIS

In his opposition to LGCAI's motion to dismiss, Stone requested leave to amend his complaint[23] and attached to his opposition a "Proposed Second Amended Complaint" addressing the Court's exercise of personal jurisdiction over LGCAI.[24]

Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[25] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[26] In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies

---

[19] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *Luv N' Care*, 438 F.3d at 469.

[20] *Athletic Training Innovations, LLC v. eTagz, Inc.*, 955 F. Supp. 2d 602, 613 (E.D. La. 2013); *see also 721 Bourbon*, 140 F. Supp. 3d at 592–93; *Luv N' Care*, 438 F.3d at 469. If the plaintiff makes a *prima facie* showing, the burden of proof with respect to the third factor shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1018–19 (Fed. Cir. 2009). *See also Athletic Training Innovations*, *supra*, at 613.

[21] *Panda*, 253 F.3d at 868.

[22] *Id.* (citing *Burger King*, 471 U.S. at 474 ("[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State.")).

[23] R. Doc. 17, at 2.

[24] R. Doc. 17-5.

[25] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).

[26] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[27]

In this case, Stone has filed one amended complaint to address the amount in controversy.[28] The Court has not issued a scheduling order. If Stone's Second Amended Complaint fails to set forth sufficient factual allegations to support the Court's exercise of personal jurisdiction over LGCAI, adequate time will remain for LGCAI to bring a motion to dismiss. Accordingly, LGCAI will not be unduly prejudiced by virtue of allowance of an amendment.

Further, in his opposition to LGCAI's motion to dismiss, Stone also requested leave to conduct jurisdictional discovery. "When the defendant disputes the factual bases for jurisdiction, . . . the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue," and the court "has discretion as to the type and amount of discovery to allow."[29] To support a request for jurisdictional discovery, a plaintiff must make a "preliminary showing of jurisdiction."[30] A preliminary showing of personal jurisdiction requires "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts."[31] "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained."[32] However, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose" since it cannot

---

[27] *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005).
[28] R. Doc. 8.
[29] *Walk Haydel & Associates, Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (internal quotation marks and citation omitted).
[30] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).
[31] *Id.*
[32] *Fielding*, 415 F.3d at 429 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

"add[] any significant facts;" thus, jurisdictional discovery "should not be permitted."[33] "The Court possesses a substantial amount of discretion when addressing requests for jurisdictional discovery."[34]

Stone argues the Court may assert personal jurisdiction over LGCAI because LGCAI placed LG 18650 batteries into "the stream of commerce" and those batteries came into Louisiana while still in the stream.[35] "In the context of products-liability cases . . . an analysis involving a stream-of-commerce metaphor is often employed to assess whether the non-resident defendant has minimum contacts with the forum . . . ."[36] "The stream-of-commerce doctrine 'recognizes that a defendant may purposefully avail itself of the protection of a state's laws—and thereby [ ] subject itself to personal jurisdiction—by sending its goods rather than its agents into the forum.'"[37] "The Fifth Circuit has found this doctrine and thus minimum contacts satisfied so long as the court determines 'that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.'"[38] "In other words, 'mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce.'"[39] The Fifth Circuit does not employ the "stream-of-commerce-plus test," which has been adopted by some other circuits, requiring

---

[33] *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (internal quotation marks and citations omitted).
[34] *Bryant v. Holder*, 809 F. Supp. 2d 563, 571 (S.D. Miss. 2011) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276–77 (5th Cir. 2006)).
[35] R. Doc. 17, at 9.
[36] *Zoch v. Magna Seating (Germany) GmbH*, No. 18-41151, 2020 WL 1951482, at *4–5 (5th Cir. Apr. 22, 2020).
[37] *Id.* (quoting *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753 (5th Cir. 2018)).
[38] *Id.* (quoting *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013)).
[39] *Id.* (quoting *Ainsworth*, 716 F.3d at 177).

"[a]dditional conduct of the defendant" that "may indicate an intent or purpose to serve the market in the forum State."[40]

In support of his argument that LGCAI has placed LG 18650 batteries into the stream of commerce, Stone alleges LGCAI "is engaged in the business of supplying, selling and distributing lithium ion batteries including but not limited to the Subject LG battery purchased by Plaintiff."[41] Stone further alleges LGCAI places LG 18650 batteries into the stream of commerce "with the actual knowledge and/or reasonable expectation that they will be used in this state and which are in fact used in this state"[42] as shown by its "substantial compensation from the sale of its products in this state, including but not limited to LG 18650 batteries."[43] The Court finds these allegations "suggest with reasonable particularity the possible existence of the requisite contacts"[44] between LGCAI and Louisiana. Accordingly, the Court finds Stone's request for jurisdictional discovery is justified.

**IT IS ORDERED** that Stone is granted leave to file his Proposed Second Amended Complaint.[45]

**IT IS FURTHER ORDERED** that the parties are given leave to conduct jurisdictional discovery into the issues and facts surrounding personal jurisdiction.

---

[40] *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 586, 588 (5th Cir. 2014) (quoting *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 112 (1987) ("[T]he Fourth Circuit has repeatedly applied the stream-of-commerce-plus test from Justice O'Connor's opinion in *Asahi* and cited Justice Kennedy's plurality opinion in *McIntyre*. In contrast, we apply the stream-of-commerce test from Justice Brennan's concurrence in *Asahi*, and Justice Breyer's concurrence in *McIntyre*." (internal citations omitted)).
[41] R. Doc. 17-5 ¶ 4.
[42] *Id.* ¶ 4(b).
[43] *Id.* ¶ 4(d).
[44] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).
[45] R. Doc. 17-5.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by LGCAI is **DENIED WITHOUT PREJUDICE TO REFILING**.[46]

New Orleans, Louisiana, this 15th day of June, 2020.

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[46] R. Doc. 14.